IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 1:23-cv-23614

ZANDA BALODE,

        Plaintiff,

vs.

INK477, LLC and FADI
ABDULNOUR,

        Defendant.
_____/

## DEFENDANT, INK 477, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, INK 477, LLC ("*Defendant*"), by and through its undersigned counsel, hereby responds to Plaintiff, ZANDA BALODE's ("*Plaintiff*") First Amended Complaint (DE 10), and asserts affirmative defenses as follows:

1. Defendant admits that Plaintiff purports to assert an action for violations of the Fair Labor Standards Act, but denies that Plaintiff is entitled to any such relief.

2. Defendant admits the allegations of Paragraph 2.

3. Defendant is without knowledge as to whether Plaintiff is a resident of Miami-Dade County. Whether Plaintiff is a covered employee for purposes of the FLSA calls for a legal conclusion; therefore, Defendant denies the allegations and demands strict proof thereof.

4. Defendant denies the allegations of Paragraph 4 as phrased and demands strict proof thereof.

5. Defendant denies the allegations of Paragraph 5 as phrased and demands strict proof thereof.

6. Defendant denies the allegations of Paragraph 6 as phrased and demands strict proof thereof.

7. Defendant admits the allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8 and demands strict proof thereof.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Defendant admits the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10 and demands strict proof thereof.

11. Defendant denies the allegations of Paragraph 11 and demands strict proof thereof.

12. Defendant admits that Plaintiff asked Defendant's Human Resources personnel for copies of her checks. Defendant denies that Plaintiff was never provided copies of her checks or breakdown of her wages.

13. Defendant denies the allegations of Paragraph 13 and demands strict proof thereof.

14. Defendant denies the allegations of Paragraph 14 and demands strict proof thereof.

15. Defendant is without knowledge as to whether Plaintiff asked Mr. Rodriguez why her application was inaccessible and asked to be provided with her schedule, denies the same, and demands strict proof thereof. Defendant denies the remaining allegations of Paragraph 13 and demands strict proof thereof.

16. Defendant is without knowledge of the allegations in Paragraph 16, denies the same, and demands strict proof thereof.

17. Defendant is without knowledge as to Plaintiff's conversations with Klay Rodriguez, denies the same, and demands strict proof thereof. Defendant admits that Plaintiff was terminated but denies that Plaintiff was terminated for her objections to and her complaint of Defendants failure to compensate Plaintiff for her owed wages, and demands strict proof thereof.

289259332v.1

18. Defendant Abdulnour denies the allegations of Paragraph 18 and demands strict proof thereof.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against INC 477 LLC*

19. All prior responses are incorporated and restated.

20. Defendant admits that Plaintiff purports to assert an action for violations of the Fair Labor Standards Act, but denies that Plaintiff is entitled to any such relief.

21. Defendant admits the allegations in paragraph 21 of the Amended Complaint.

22. Defendant admits the allegations in paragraph 22 of the Amended Complaint.

23. Defendant denies the allegation in paragraph 23 of the Amended Complaint and demands strict proof thereof.

24. Defendant denies the allegation in paragraph 24 of the Amended Complaint and demands strict proof thereof.

25. Defendant denies the allegation in paragraph 25 of the Amended Complaint and demands strict proof thereof.

26. Defendant denies the allegation in paragraph 26 of the Amended Complaint and demands strict proof thereof.

## COUNT II
### *FLSA Retaliation Against INC 477 LLC*

27. All prior responses are incorporated and restated.

28. Defendant admits that Plaintiff purports to assert an action for violations of the Fair Labor Standards Act, but denies that Plaintiff is entitled to any such relief.

29. Defendant denies the allegations in paragraph 29 of the Amended Complaint and demands strict proof thereof.

30. Defendant denies the allegations in paragraph 30 of the Amended Complaint and demands strict proof thereof;

31. Defendant denies the allegation in paragraph 31 of the Amended Complaint and demands strict proof thereof.

**COUNT III**
***BREACH OF CONTRACT AGAINST INC 477 LLC***

32. All prior responses are incorporated and restated.

33. Defendant denies the allegation on paragraph 33 of the Amended Complaint, as phrased, and demands strict proof thereof.

34. Defendant denies the allegations in paragraph 30 of the Amended Complaint and demands strict proof thereof;

**COUNT IV**
***QUANTUM MERUIT AGAINST INC 477 LLC***
*(In The Alternative)*

35. All prior responses are incorporated and restated.

36. Defendant denies the allegation on paragraph 36 of the Amended Complaint, as phrased, and demands strict proof thereof.

37. Defendant denies the allegation on paragraph 37 of the Amended Complaint, as phrased, and demands strict proof thereof.

38. Defendant denies the allegation on paragraph 38 of the Amended Complaint, as phrased, and demands strict proof thereof.

39. Defendant denies the allegations in paragraph 39 of the Amended Complaint and demands strict proof thereof;

40. Defendant denies the allegations in paragraph 39 of the Amended Complaint and demands strict proof thereof;

## COUNT V
### *UNJUST ENRICHMENT AGAINST INK 477 LLC*
### *(In The Alternative)*

41. All prior responses are incorporated and restated.

42. Defendant denies the allegation on paragraph 42 of the Amended Complaint, as phrased, and demands strict proof thereof.

43. Defendant denies the allegation on paragraph 43 of the Amended Complaint, as phrased, and demands strict proof thereof.

44. Defendant denies the allegation on paragraph 44 of the Amended Complaint, as phrased, and demands strict proof thereof.

45. Defendant denies the allegations in paragraph 45 of the Amended Complaint and demands strict proof thereof;

46. Defendant denies the allegations in paragraph 46 of the Amended Complaint and demands strict proof thereof;

## COUNT VI
### *Wage & Hour Federal Statutory Violation Against FADI ABDULNOUR*

47. Count VI is not directed at Defendant Abdulnour and therefore no response from him is required in response to Paragraphs 47 through 55. However, to the extent such a response is required, Defendant Abdulnour specifically denies the allegations and demands strict proof thereof.

## COUNT VII
### *FLSA Retaliation Against FADI ABDULNOUR*

48. Count VII is not directed at the responding party and therefore no response from him is required in response to Paragraphs 56 through 60. However, to the extent

5

289259332v.1

such a response is required, Defendant Abdulnour specifically denies the allegations and demands strict proof thereof.

## COUNT VIII
### *BREACH OF CONTRACT AGAINST FADI ABDULNOUR*

49. Count VIII is not directed at the responding party and therefore no response from him is required in response to Paragraphs 61 through 64. However, to the extent such a response is required, Defendant Abdulnour specifically denies the allegations and demands strict proof thereof.

## COUNT IX
### *QUANTUM MERUIT AGAINST FADI ABDULNOUR*
### *(In The Alternative)*

50. Count IX is not directed at the responding party and therefore no response from him is required in response to Paragraphs 65 through 70. However, to the extent such a response is required, Defendant Abdulnour specifically denies the allegations and demands strict proof thereof.

## COUNT X
### *UNJUST ENRICHMENT AGAINST FADI ABDULNOUR*
### *(In The Alternative)*

51. Count X is not directed at the responding party and therefore no response from him is required in response to Paragraphs 71 through 76. However, to the extent such a response is required, Defendant Abdulnour specifically denies the allegations and demands strict proof thereof.

## GENERAL DENIAL

Defendant Abdulnour hereby denies each and every allegation not specifically admitted to in the foregoing Answer and demands strict proof of each allegation.

**AFFIRMATIVE DEFENSES**

1. As a First Affirmative Defense, the Complaint fails for accord and satisfaction as the Plaintiff was paid all wages lawfully due for the services rendered.

2. As a Second Affirmative Defense, Defendant states that the amounts alleged in the complaint are related to "service charges," do not constitute tips, and therefore, are not subject to the Fair Labor Standards Act.

3. As a Third Affirmative Defense, Defendant states that there is insufficient "individual coverage," as the Act required Plaintiff to engage in work constituting interstate or foreign commerce, or the production of goods for interstate or foreign commerce, or the production of goods for interstate or foreign commerce, including any closely related process or occupation directly essential to such production, which Plaintiff was not.

4. As a Fourth Affirmative Defense, Defendant states that there is insufficient "enterprise coverage," as the Act requires that Plaintiff be employed in an enterprise engaged in commerce or in the production of goods for commerce, which Plaintiff was not.

5. As a Fifth Affirmative Defense, Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

6. As a Sixth Affirmative Defense, Defendant states that the Plaintiff failed to engage in any protected activity, and therefore, has not and cannot establish a proper claim for retaliation.

7. As a Seventh Affirmative Defense, Defendant states that, at all material times, it acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

8. As an Eighth Affirmative Defense, Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

9. As a Ninth Affirmative Defense, this action is barred and damages are not recoverable to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA, including but not limited to home to work travel, on-call hours outside from home, rest and meal periods, waiting time, sleeping time, and the like.

10. As a Tenth Affirmative Defense, in the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiff by Defendant for periods in which Plaintiff was not engaged to work.

11. As an Eleventh Affirmative Defense, Plaintiff's action is barred to the extent that it seeks to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

12. As a Twelfth Affirmative Defense, Defendant Defendant states that all actions of the Defendants were supported by a legitimate business reasons.

13. As a Thirteenth Affirmative Defense, Defendant states that Plaintiff failed to mitigate her damages to the extent she failed to exercise reasonable diligence to seek and obtain employment following her employment with Defendant Ink 477, LLC.

14. As a Fourteenth Affirmative Defense, Defendant states that Plaintiff's unjust enrichment and quantum meruit claims are barred because adequate legal remedies exist.

Defendant reserves the right to assert further affirmative defense as they become evident through discovery investigation.

289259332v.1

## JURY DEMAND

Defendant demands a jury trial of all issues so triable.

Respectfully submitted,
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
100 SE 2nd Street, Suite 2100
Miami, FL 33131
Tel.    (305) 374-4400
Fax    (305) 579-0261
*Attorney for Defendants*

By: */s/ Sergio R. Casiano, Jr*
Sergio R. Casiano, Jr.
Florida Bar No.: 457302
sergio.casiano@wilsonelser.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 9th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by email. Whereas, all participants not CM/ECF users were provided a true and correct copy of the foregoing by U.S. Mail, as indicated below.

By: */s/ Sergio R. Casiano, Jr*
Sergio R. Casiano, Jr.
Florida Bar No.: 457302

**SERVICE LIST**
Anthony M. Georges-Pierre, Esq.
agp@rgph.law
Jorge L. Costa, Esq.
jcosta@rgph.law
REMER, GEORGES-PIERRE,
& HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000
*Attorneys for Plaintiff*

289259332v.1